■ In the Matter of the Claim of BEN FURGANG, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— BRINK, J. Appeal from a decision of Unemployment Insurance Appeal Board denying unemployment insurance benefits. Following a hearing, the Referee found that the claimant falsely certified to total unemployment from March 22, to May 31, 1964, during which period he was not totally unemployed. Upon these grounds, a forfeiture of 24 effective days was imposed as a penalty in the reduction of claimant's future rights, and he was charged with an overpayment of $115 in benefits, ruled to be recoverable. The Referee's findings were affirmed by the board. The determination was a factual question supported by evidence. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur with Brink, J.

■ In the Matter of the Claim of PRENTISS PEARSON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam*. Appeal from a decision of the Unemployment Insurance Appeal Board disqualifying claimant from benefits on the ground that he voluntarily left his employment without good cause. (Labor Law, § 593, subd. 1, par. [a].) Claimant reported that he left his employment in Connecticut to return to New York City, intending to relocate there permanently; stating that "The only reason I made this move was to relocate in N. Y. C." Upon this statement, he was by initial determination found to have voluntarily left the employment without good cause. After taking his appeal from that determination, however, he stated that he resigned because his employer told him that if he did not do so he would be discharged for failure to supply complete employment records for 10 years past. The Referee found that these "latest contentions are incredible" and the board affirmed. This determination of credibility was for the board and upon this record cannot be disturbed by us. Directly in point is *Matter of Perry (Catherwood)* (24 A D 2d 921, 922) in which we said: "Here claimant's testimony was inconsistent with her initial statement and at variance with the employer's report; but even had her testimony been entirely uncontradicted it would still have been the board's prerogative to assay its credibility and, absent any indication of the arbitrary exercise of the power thus conferred upon the board, as upon administrative agencies generally, we are without power to disturb its determination." Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Brink, JJ., concur.